## Case No. 6,089.
### HARPER v. NEFF et al.
[6 McLean, 390.] [1]

Circuit Court, D. Indiana. May Term, 1855.

CHATTEL MORTGAGE—SECURITY FOR PERFORMANCE OF CONTRACT—SUBSTITUTION.

A mortgage having been given on certain articles of property to secure the payment of $1,500, a subsequent agreement was entered into between the parties to deliver over to the mortgagor the articles of property, on his giving security to sell the same at reasonable prices, and account to the mortgagee every fifteen days for the proceeds, and pay the same over to him, &c. The security was given, and an action being brought on the new agreement, the security pleaded that the original mortgage on the articles had been assigned to him. To this plea the plaintiff demurred. The court held that this plea was no answer to the declaration; that the new agreement was substituted for the mortgage, the plaintiff relying on the personal security given instead of the lien on the articles of property.

[This was an action at law by John M. Harper against Edwin W. Neff and James Blake.]

Henderson & Mackenzie, for plaintiff.

OPINION OF THE COURT. The plaintiff states in his declaration, that on the 21st of January, 1853, by their deed of that date, the defendants bound themselves to the plaintiff to pay him the sum of $1,500, which deed was and is subject to a certain condition thereunder written, which condition—after reciting that said Neff was then indebted to the plaintiff by a judgment in the Marion circuit court in about the sum of sixteen hundred dollars, and that the plaintiff then had a bill of sale on certain articles of jewelry, tools, &c., such as were usually kept in jewelry and watch stores, to secure the payment of said sum of about sixteen hundred dollars, and that said articles of jewelry were then deposited by the plaintiff in the safe at S. A. Fletcher's banking house, and were then of the cost price of fourteen hundred and twenty-nine dollars, and that said plaintiff was then about to re-deliver to the said Neff said articles of jewelry, &c., to be by him sold to the said Neff, returning the proceeds to the plaintiff or his attorneys—was and is, that if the said Neff should use due and proper diligence to make sale of the said articles at reasonable prices, and would, every fifteen days after the same should be delivered to him as aforesaid, render an account and pay over the proceeds of such sales to Henderson & Mackenzie, or the other authorized agents of the plaintiff, until, of such proceeds, the plaintiff should receive the sum of fourteen hundred and twenty-nine dollars, with accruing interest thereon, the obligation should be void. To which condition there was and is also thereunder written this proviso, that if said Neff should prefer to re-deliver to the

plaintiff said jewelry or any part thereof, the same should be received by the plaintiff at its cost price on said obligation, and should operate as a payment of fourteen hundred and twenty-nine dollars. The plaintiff avers the delivery to Neff of the jewelry, &c., and that he neither re-delivered the jewelry nor paid the proceeds, or any part thereof, of the sales made, &c. The plea alleges "that at and before the time of executing by said Blake & Neff of the writing obligatory in said declaration mentioned, the said plaintiff held a mortgage or bill of sale executed by said Neff, which is the same bill of sale named in said declaration, by which said Neff mortgaged and sold to said Harper all the jewelry, goods, tools, &c., named in said writing obligatory, and a large amount not mentioned in said writing obligatory, amounting in all to the sum of two thousand, forty-three dollars, and thirty-one cents; which mortgage was conditioned that said Neff should pay to the said Harper the sum above stated, with all interest due and to become due thereon, for which said Neff had executed his certain promissory notes, amounting in the aggregate to the sum aforesaid, which mortgage was in full force and unsatisfied at the time of the execution of said writing obligatory in said declaration mentioned, and said Harper was then holding said goods, jewelry, tools, &c., in said writing obligatory named, by virtue of said mortgage; and the said defendants say that after said writing obligatory had been executed and delivered to plaintiff, the said plaintiff for value received did, after said jewelry, tools, &c., had been, under the terms thereof, delivered to said Neff for the purposes therein stated, assign said mortgage to James Blake, by means whereof the said Blake became and was the owner of said goods, jewelry, &c., in said declaration mentioned, and the said writing obligatory became and was void and of no effect," &c. To this plea the plaintiff filed a general demurrer.

The plea is no answer to the declaration. The agreement on which the action is founded recites a previous mortgage given on the jewelry, tools, &c., to secure the payment of a sum amounting to sixteen hundred dollars. This mortgage in the agreement is called a bill of sale, but that does not alter the legal effect of the instrument. The jewelry, &c., at this time, was in possession of the plaintiff, and the agreement states, that he was about to re-deliver the jewelry, &c., to Neff, the mortgagee, who bound himself to sell it at a reasonable price, and pay to the plaintiff or his attorneys, every fifteen days, the amount received on such sales, until the sum of $1,429 should be paid; and Neff had the option to return the articles to the plaintiff, at their cost, in payment of the sum last mentioned, and Blake was security for Neff that he would faithfully perform the agreement. In his declaration, the plaintiff sets forth, as a breach of the undertaking, that Neff had

neither paid over any part of the proceeds of the sales, nor returned to the plaintiff the articles, &c. The defendants plead that the original mortgage, which was superseded by the new agreement, was assigned over by plaintiff to Blake, one of the defendants. The plaintiff had relinquished the mortgage by the new agreement, in which Blake was security. The assignment of the mortgage, therefore, could have no effect on the new agreement. The plaintiff, in delivering the jewelry, tools, &c., to Neff, abandoned the mortgage, and relied on the personal security of Blake; and, if the mortgage could have any effect whatever in the hands of Blake, it could have no other than to operate as an indemnity to him for the liability he had incurred by signing the new agreement. The demurrer is overruled, and judgment must be entered on the new agreement.